**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**JONATHAN DARITY,**

**Plaintiff,**

**v.**

**THE MEGA LIFE & HEALTH INSURANCE COMPANY, d/b/a UGA-ASSOCIATION FIELD SERVICES,**

**Defendant.**

**1:06-cv-2113-WSD**

**OPINION AND ORDER**

This is a discrimination and retaliation action filed by Plaintiff Jonathan Darity ("Darity") against Defendant the MEGA Life & Health Insurance Company, d/b/a UGA-Association Field Services ("MEGA"). This matter is before the Court on Magistrate Judge Vineyard's Report and Recommendation [39] on MEGA's Motion for Summary Judgment [26].

With respect to portions of the Report and Recommendation to which there is no objection, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Neither party has objected to the Report and Recommendation, so the Court reviews it for plain error.

# I. BACKGROUND

## A. Factual Background

The Magistrate Judge's Report and Recommendation includes a detailed discussion of the relevant facts, both in its Factual Background section and throughout the opinion. Neither party objected to the Magistrate Judge's findings of fact and, finding no plain error, they are adopted by the Court.

## B. Procedural History

On September 5, 2006, Darity filed his Complaint ("Complaint") in this action, alleging MEGA discriminated and retaliated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), when it denied him consideration for promotion and when it did not renew his contract. MEGA filed its Answer on November 10, 2006. The parties completed discovery and, on April 30, 2007, MEGA filed its Motion for Summary Judgment ("Mot. for Summ. J.") [26]. Darity filed his brief in opposition to MEGA's motion on June 1, 2007 ("Resp. to Mot. for Summ. J.") [31], and MEGA replied on June 25, 2007 ("Reply in Support of Mot. for Summ. J.") [36]. On January 8, 2008, the Magistrate Judge issued his Report and Recommendation

("R&R") [39], recommending that the Court grant MEGA's Motion for Summary Judgment.

## II. DISCUSSION

MEGA moved for summary judgment on Darity's Title VII and Section 1981 claims on the grounds that: 1) Darity was an independent contractor and thus not protected under Title VII; and 2) Darity could not establish a *prima facie* case of discrimination under Section 1981, or, in the alternative, cannot demonstrate that MEGA's legitimate, non-discriminatory business reasons for its actions were a pretext for race discrimination or retaliation.[1] Mot. for Summ. J. at 3, 12. The Magistrate Judge, in his R&R, set out the standard for evaluating a motion for summary judgment and discussed the respective burdens of the parties in cases where a plaintiff seeks to prove alleged race discrimination under Section 1981

[1] The Magistrate Judge noted that Darity did not contest MEGA's argument that he was an independent contractor, but rather contends that even if that were the case, he can proceed with his claims under Section 1981. The court found that Darity appeared to abandon his Title VII claims, and it proceeded to address only his allegations under Section 1981. The court also noted that "[a]s a practical matter, this makes no substantive difference to the Court's ruling on the motion for summary judgment since the analysis is the same under Title VII and § 1981." Report & Recommendation, p 8-9, FN 10 (citing Standard v. A.B.E.L. Services, 161 F.3d 1318, 1330 (11th Cir.)). Finding no plain error in the Magistrate Judge's finding, this Court does the same.

using direct or circumstantial evidence. The parties have not objected to the Magistrate Judge's conclusions regarding the summary judgment standard or the parties' respective burdens, and they are adopted by the Court.

The Magistrate Judge recommended granting summary judgment in favor of MEGA on both the discrimination and retaliation claims. With respect to Darity's discrimination claims, the Magistrate Judge correctly assumed, for purposes of the summary judgment motion, that Darity can satisfy a *prima facie* case.[2] The Magistrate Judge held that summary judgment is warranted because Darity could not establish any genuine issues of material fact showing MEGA's legitimate, non-discriminatory reasons for failure to promote or for non-renewal of contract were pretexts for unlawful discrimination. R&R at 9-20; 20-26. The Magistrate Judge reviewed thoroughly Plaintiff's alleged evidence of pretext and concluded this evidence failed to cast sufficient doubt on Defendant's proffered reason to permit a

---

[2] "As part of his *prima facie* burden on this claim, Darity would have to show that he was qualified for the position. MEGA argues that, because Darity was not a District Sales Leader at the time of his request for consideration, he was not qualified to fill the Division Sales Leader vacancy [a position of greater seniority than both a District Sales Leader and Darity's then-current position of senior sales agent]. Because this issue is inextricably intertwined with the question of pretext, the undersigned assumes that Darity can meet a *prima facie* burden." R&R, p 13 FN 12 (internal citations omitted).

reasonable factfinder to conclude the employer was motivated by racial animus. R&R, p 9-26. The Magistrate Judge also examined in detail each of the six proposed comparators identified by Darity to determine whether any of them were similarly situated to Darity but treated more favorably. The Magistrate Court found that none of them created an inference that Darity's treatment was based on race. R&R, p 23-26.

As to Darity's claim of retaliation, the Magistrate Judge held that Darity presented insufficient evidence to causally connect any alleged protected activity to any alleged adverse employment action.[3] The Magistrate Court examined Darity's alleged protected activity and MEGA's decision not to promote him under a temporal proximity analysis and found insufficient "close temporal proximity" to establish a causal connection between the two. R&R 29-31. The Magistrate Court also found an overly extensive lapse of time between any alleged protected activity

---

[3] Although the Eleventh Circuit has not defined the elements of a Section 1981 claim, both parties utilize the Title VII framework in analyzing this claim, and the Magistrate Judge in his analysis did the same. R&R, p27. See Everson v. Coca-Cola Co., No. 06-15752, 2007 WL 2088839, *1 (11th Cir. July 23, 2007) (citing Bass v. Bd. of County Comm'rs, 256 F.3d 1095, 1120 n.10 (11th Cir. 2001)). This Court agrees with the Magistrate Judge's standard of analysis and thus applies the Title VII framework in its review of Darity's retaliation claim under Section 1981.

by Darity and MEGA's decision not to renew his contract, thus failing to create any inference of causal connection.

The Magistrate Judge's decision is thorough and well-reasoned, and his analysis is adopted by the Court.

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation with regards to its recommendation that Defendant's Motion for Summary Judgment be granted. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant.

**SO ORDERED** this 4th day of February, 2008.

William S. Duffey

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE